IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE BELOTTI and <br> BECKY BELOTTI <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM FIRE AND <br> CASUALTY COMPANY, <br><br> Defendant. | : <br> :     CIVIL ACTION NO. <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## NOTICE OF REMOVAL FROM STATE COURT

Defendant State Farm Fire and Casualty Company ("State Farm"), by its undersigned attorneys, hereby gives notice of the removal of this action from the Court of Common Pleas, Luzerne County, Pennsylvania, to this District Court pursuant to: (1) 28 U.S.C. §§ 1441, 1446, and 1332, and (2) the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 199 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453. Pursuant to 28 U.S.C. § 1446(a), State Farm hereby sets forth a short and plain statement of the grounds for removal as follows:

### Plaintiffs' Complaint

1. On July 27, 2022, Plaintiffs Jamie Belotti and Becky Belotti ("Plaintiffs") served State Farm with a copy of their Complaint (styled as an

"Amended Complaint") filed in the Court of Common Pleas of Luzerne County, Pennsylvania. (*See* Compl., attached as Exhibit 1.) The Complaint alleges that Plaintiffs' residential property was damaged by a "catastrophic" fire (Compl. ¶¶ 47, 51), and that State Farm supposedly improperly used Xactimate software's "new construction" pricing, instead of that software's "repair and remodel" pricing, to estimate and pay Plaintiffs' loss. (*Id.* ¶¶ 82, 83.)

2. Plaintiffs, who are Pennsylvania residents, assert five individual claims on their own behalf: statutory bad faith (Count I); violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ILCFA) (Count II); breach of contract (Count III); breach of the implied covenant and fair dealing (Count IV); declaratory judgment (Count V); and for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count VI). Plaintiffs also assert purported class claims: "from June 16, 2019, through the present" under Count II on behalf of all State Farm policyholders nationwide (the "Nationwide Class"); and from June 16, 2016 through the present" under Counts III, IV and V on behalf of a subclass of policyholders whose properties were in Pennsylvania (the "PA Sub-class"). (Compl. ¶¶ 7, 63, 79, 85, 93.)

3. As set forth more fully below, removal is proper because this action satisfies both: (1) traditional diversity jurisdiction for Plaintiffs' individual claims; and (2) CAFA jurisdiction.

2

## Procedural Requirements for Removal

4. State Farm has complied with all procedural requirements for removal.

5. This Notice of Removal has been filed within 30 days of service of the Complaint on State Farm, and it accordingly is timely. *See* 28 U.S.C. § 1446(b)(1).[1]

6. Venue is proper in this Court because the Court of Common Pleas, Luzerne County is located in the Middle District of Pennsylvania. *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court . . . for the district and division embracing the place where such action is pending").

7. Consistent with the requirements of 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders contained within the state court file (attached as Exhibit 2), along with a printout of the state court's docket (attached as Exhibit 3), are attached and filed herewith.

---

[1] The July 27, 2022, service of the Complaint on State Farm also included: an unsigned prior version of the complaint that had not been served on State Farm (*see* Ex. 2, Belotti-0007 – Belotti-0028); and a summons that had been served on State Farm in January 2021 without any complaint whatsoever (*see id.*, Belotti-001 – Belotti-0002). The 30-day removal deadline for traditional diversity jurisdiction under 28 U.S.C. § 1446(b) runs from service of the complaint, not a mere summons. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222 (3d Cir. 2005).

8. As 28 U.S.C. § 1446(d) requires, a copy of this Notice of Removal is being served upon Plaintiffs' counsel, and a copy is being filed with the Clerk of the Court of Common Pleas, Luzerne County.

## Bases for Removal

I. **The Substantive Requirements for Traditional Diversity Removal are Satisfied.**

9. This Court has traditional diversity jurisdiction over any action between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Both requirements are satisfied here.

10. Plaintiffs allege that they are adult residents of the Commonwealth of Pennsylvania. (Compl. ¶ 1.)

11. State Farm "is a corporation organized under the laws of Illinois, with a principal place of business in Bloomington, Illinois." *Valley v. State Farm Fire and Cas. Co.*, 504 F. Supp. 2d 1, 3 (E.D. Pa. 2006). (*See also* Compl. ¶ 2.) State Farm is therefore a citizen of Illinois for purposes of federal jurisdiction. 28 U.S.C. § 1332(c)(1); *see also McCollum v. State Farm Ins. Co.*, 376 Fed. Appx. 217, 219 & n.1 (3rd Cir. 2010) (finding that because State Farm, incorrectly named as State Farm Insurance Company, is incorporated in Illinois and has its principal place of business there, "State Farm was a citizen of Illinois"); *Morrissey v. State Farm Fire and Cas. Co.*, 2014 WL 5780949, *3 (E.D. Pa. Nov. 6, 2014) (finding State Farm "is a citizen of Illinois").

4

12. Because Plaintiffs are citizens of Pennsylvania and State Farm is a citizen of Illinois, this is a matter between citizens of different states pursuant to 28 U.S.C. § 1332(a)(1).

13. Plaintiffs' individual claims plainly place more than $75,000 in controversy pursuant to 28 U.S.C. § 1332(a). In taking this position, State Farm does not concede that Plaintiffs plausibly state a claim that they are entitled to recover any amount, but only that the amount placed in controversy by their individual claims plausibly exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 811, 814 (2014) (a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold") (quoting H.R. Rep. No. 100–889, p. 71 (1988)). The allegations of the Complaint demonstrate that removal is indisputably proper.

14. Plaintiffs themselves claim they are entitled to compensatory damages "[i]n an amount in excess of $50,000." (Compl. at 21.) Because the Complaint does not aver that the amount in controversy is less than $75,000, removal is proper unless it is proven "to a legal certainty" that the amount in controversy "*could not exceed*" the $75,000 threshold. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3rd Cir. 2007) (emphasis in original); *see also Clean Air Council v. Dragon Int'l Grp*., No. CIV. 1:CV-06-0430, 2006 WL 2136246, at *4 (M.D. Pa. July 28, 2006). Plaintiffs' allegations show they easily seek over $75,000.

5

15. Among other things, Plaintiffs allege they are entitled to recover, as compensatory damages, the difference in pricing from the numbers they claim State Farm should have used in their estimate. (Compl. ¶ 83.) State Farm's records reflect that the difference between the repair estimates prepared by State Farm and those prepared by Plaintiffs' public adjuster exceeded well over $75,000. It is clear then that the amount in dispute between the parties exceeds the $75,000 threshold, using just Plaintiffs' compensatory damages claim.

16. Plaintiffs also seek to recover attorney fees for bad faith under 42 Pa. C.S § 8371 (*id.* ¶ 61), violation of the ICFA (*id.* ¶ 77), and violation of the UTPCPL (*id.* ¶ 113). These statutory fee claims are part of the amount in controversy. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (attorneys' fees are included in the amount in controversy where potentially allowed by statute). Pennsylvania juries have awarded attorney fees equivalent to or greater than the compensatory damages awarded to insureds in bad faith cases. *See Bonenberger v. Nationwide Mut. Ins. Co.*, 791 A.2d 378, 380 (Pa. Super. Ct. 2002) (affirming attorney fee award of $89,160 and compensatory damages award of $77,000). Thus, Plaintiffs' claims for statutory fees doubles (or more) the amount placed in controversy by Plaintiffs' claim for compensatory damages.

17. Plaintiffs also allege they are entitled to punitive damages on their bad faith claim (Compl. ¶ 61), which independently satisfies the amount in controversy

6

requirement. The Third Circuit has instructed that a claim for punitive damages "will generally satisfy the amount in controversy requirement." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (internal quotation marks omitted). Indeed, in bad faith cases, Pennsylvania juries have awarded punitive damages in amounts as high as ten times the amount awarded as compensatory damages. *See Hollock v. Erie Ins. Exch.*, 842 A.2d 409, 422 (Pa. Super. Ct. 2004).

18. Taking together Plaintiffs' individual claims for compensatory damages, statutory attorney fees, and punitive damages, it is clear these claims collectively place more than $75,000 in controversy. *See, e.g., Best Chiropractic Servs. LLC v. State Auto Prop. & Cas. Ins. Co.*, No. CV 3:21-01275, 2022 WL 2655801, at *3 (M.D. Pa. July 8, 2022) (in bad faith case where insured alleged $30,688.80 in compensatory damages, potential entitlement to punitive damages and attorneys' fees caused amount in controversy to exceed $75,000).

19. Additionally, since the Court has original diversity jurisdiction over the Plaintiffs' individual claims, it may exercise supplemental jurisdiction over Plaintiffs' asserted class claims, to the extent (if at all) they are appropriately pled. *See Shah v. Hyatt Corp.*, 425 F. App'x 121, 124–25 (3d Cir. 2011) (holding that federal courts may "exercise supplemental jurisdiction over the claims of all class members so long as the named plaintiff has a claim in excess of $75,000" and

7

otherwise meets the requirements for diversity jurisdiction) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005)).

II. **The Substantive Requirements for CAFA Removal are Satisfied.**

20. This Court also independently has diversity jurisdiction over this asserted class action under CAFA. This Court has CAFA diversity jurisdiction over any asserted class action that: (1) includes at least one class member who is a citizen of a state different from any defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)-(6). Each requirement is satisfied here.

A. **There is Minimal Diversity.**

21. As already noted, Plaintiffs are citizens of Pennsylvania and State Farm is a citizen of Illinois. (*See supra* ¶¶ 10-11.) These allegations satisfy complete diversity, and as such satisfy CAFA's minimal diversity requirement under 28 U.S.C. § 1332(d)(2)(A). Plaintiffs' putative Nationwide Class also seeks to assert ICFA claims on behalf of citizens of states other than Illinois, which separately satisfies the minimal diversity requirement. (*See* Compl. ¶¶ 7, 63.)

B. **The Asserted Class Size Requirement is Satisfied.**

22. Plaintiffs allege that the members of the putative class are "so numerous that joinder of all members is impracticable." (Comp. ¶ 8(a).) State Farm is entitled to rely on that judicial admission for purposes of satisfying the minimum 100-

8

putative class member requirement of CAFA. *See, e.g.*, *Judon v. Travelers Prop. Cas. Co. of America*, 773 F. 3d 495, 505 (3rd Cir. 2014).

23. Regardless, numerosity is plainly satisfied. Plaintiffs seek to represent a nationwide putative class along with a subclass of just Pennsylvania claimants. In Pennsylvania alone, there are more than 1,000 claims that potentially qualify for class membership. (*See infra* ¶ 26.) The PA Sub-class satisfies the numerosity requirement by itself. The Nationwide Class would be exponentially more numerous.

**C. This Action Places More than $5,000,000 in Controversy.**

24. The named Plaintiffs' claims demonstrate that more than $5,000,000 is placed in controversy by their asserted class claims. Since Plaintiffs allege their claims "are typical of the claim of the Class (and/or Sub-class)" (Compl. ¶ 9), the monetary value of their claims may be multiplied by an approximation of the class size. *See, e.g.*, *Judon*, 773 F.3d at 507 (it is "not unreasonable to assume that [the plaintiff], as the proposed class representative, has damages that are typical of the class") (citations omitted).

25. Plaintiffs allege they seek "in excess of $50,000.00, as compensatory damages" (Compl. at 21), which means that if the Nationwide Class and PA Sub-class together comprised only 100 persons, CAFA's $5 million threshold would be satisfied. Since Plaintiffs seek over $75,000 in compensatory damages (*see supra* ¶

9

16), CAFA's jurisdictional requirement would be satisfied even if there were only 67 class members of both classes nationwide.

26. State Farm has obtained estimating data from Xactware (the vendor from which it licenses Xactimate estimating software) reflecting that over the past six years, State Farm estimated over $200 million in repair damage replacement costs using "new construction" Xactimate settings on over 1,000 claims in Pennsylvania. If Plaintiffs were to claim that the estimated amount should have been even 3% higher using "reconstruction" pricing instead, more than $6,000,000 would be placed in controversy by Plaintiffs' class claims for compensatory damages just for their PA Sub-class. Plaintiffs' asserted claims on behalf of the Nationwide Class would increase that amount in controversy to far higher amounts.

27. Plaintiffs' class claims for statutory attorneys' fees must also be considered in determining the amount in controversy. (*See supra* ¶ 16.) While State Farm does not concede that any such award would be merited, Plaintiffs purport to seek statutory attorneys' fees for their asserted Nationwide Class under ICFA (Compl. ¶ 77) and for their asserted PA Sub-class under the UTPCPL (*id.* ¶ 113). The median in the Third Circuit for attorney fee awards is "approximately thirty percent (30%) of a common fund." *Faltaous v. Johnson & Johnson*, No. CIV.A. 07-1572JLL, 2007 WL 3256833, at *11 (D.N.J. Nov. 5, 2007) (citing *In re General Motors Corp. Pick Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 822 (3d

10

Cir. 1995) (noting attorney fee awards ranging from 19% percent to 45% percent)). That increases the amount in controversy by another third, even further beyond CAFA's $5 million threshold.

28. Finally, Plaintiffs seek a declaration that when paying "non-total loss claims by first-party insureds," it is unlawful for State Farm "to base the valuation and payment of claims on 'new construction' pricing rather than 'repair/remodel' pricing." (Compl. ¶ 95.) Plaintiffs also request "an order enjoining Defendant's unfair and deceptive acts or practices," by which they presumably seek to enjoin the use of "new construction" pricing on "non-total-loss" claims. (*Id.* ¶ 113.) Where a plaintiff seeks declaratory or injunctive relief, "the amount in controversy is determined by the value of the object of the litigation." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F3d 538, 541 (3d Cir. 1995) (internal quotation marks omitted); *see also B&B Realty Co. v. McDonald's Corp.*, No. 3:21-CV-1207, 2022 WL 1645804, at *3 (M.D. Pa. May 24, 2022). As detailed above, Plaintiffs seek to enjoin estimating practices involving hundreds of millions of dollars in claims in Pennsylvania alone. (*See supra* ¶ 26.) The value of that declaratory and injunctive relief, by itself, easily satisfies CAFA's $5 million threshold.

11

## Conclusion

29. For all the foregoing reasons, State Farm has properly alleged all prerequisites for the Court to exercise both traditional diversity jurisdiction and CAFA jurisdiction over this action.

**WHEREFORE**, State Farm hereby removes this action from the Court of Common Pleas, Luzerne County, Pennsylvania to this Court.

Dated: August 16, 2022

/s/ *Yolanda Konopacka DeSipio*
Yolanda Konopacka DeSipio
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B-Suite 100
Blue Bell, PA 19422
(267) 654-1100
desipio@bbs-law.com

Attorneys for Defendant
*State Farm Fire and Casualty Company*