## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE BELOTTI and | : | |
| BECKY BELOTTI | : | CIVIL ACTION NO. 3:22-cv- |
| | : | 01284-MEM |
| Plaintiffs, | : | |
| | : | (Hon. Judge Malachy E. Mannion) |
| vs. | : | |
| | : | |
| STATE FARM FIRE AND | : | |
| CASUALTY COMPANY, | : | |
| | : | |
| Defendant. | : | |

## STATE FARM FIRE AND CASUALTY COMPANY'S
## BRIEF IN SUPPORT OF MOTION TO DISMISS

Yolanda Konopacka DeSipio
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B-Suite 100
Blue Bell, PA 19422
(267) 654-1100
desipio@bbs-1aw.com

*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................... 1

PLAINTIFFS' ALLEGATIONS AND PROCEDURAL HISTORY ..................... 3

STATEMENT OF QUESTIONS INVOLVED .................................................... 4

ARGUMENT ..................................................................................................... 4

I.    PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF
      CONTRACT (COUNT III) ..................................................................... 4

      A.    Plaintiffs Fail To Allege Any Policy Provision Was Breached. .......... 5

      B.    Plaintiffs Cannot Cure Their Failure. ............................................... 6

II.   PLAINTIFFS FAIL TO STATE A CLAIM OF BAD FAITH (COUNT I)... 9

III.  PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE
      ILLINOIS CONSUMER FRAUD ACT (COUNT II) ............................... 11

      A.    The ICFA Does Apply to Plaintiffs. ................................................. 11

      B.    The ICFA Claim is Preempted by Insurance Code Section 155. ....... 12

      C.    Plaintiffs Fail to Adequately Allege an ICFA Claim. ...................... 13

IV.   PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF THE
      IMPLIED COVENANT OF GOOD FAITH (COUNT IV) ...................... 14

V.    PLAINTIFFS FAIL TO STATE A CLAIM FOR DECLARATORY
      RELIEF (COUNT V). .......................................................................... 15

VI.   PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE
      UPTCPL (COUNT VI). ....................................................................... 16

      A.    Plaintiffs' Claims Are Outside The UTPCPL. ................................. 16

      B.    Plaintiffs Do Not Plead the Elements of a UTPCPL Claim. ............. 17

VII.  PLAINTIFFS' CLAIMS FOR DECLARATORY AND INJUNCTIVE
      RELIEF SHOULD ADDITIONALLY BE DISMISSED UNDER RULE
      12(b)(1). ............................................................................................. 20

CONCLUSION ................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraham v. Ocwen Loan Servicing, LLC*,
    321 F.R.D. 125 (E.D. Pa. 2017) ...................................................................... 19

*Angino v. Wells Fargo Bank, N.A.*,
    No. 1:15-CV-418, 2016 WL 787652 (M.D. Pa. Feb. 19, 2016) ...................... 17

*Ash v Cont'l Ins. Co.*,
    932 A.2d 877 (Pa. 2007) .................................................................................... 9

*Avery v. State Farm Mut. Auto. Ins. Co.*,
    835 N.E.2d 801 (Ill. 2005) .............................................................................. 11

*Bolus v. Nationwide Prop. & Cas. Co.*,
    No. 3:16-CV-00753, 2018 WL 1474669 (M.D. Pa. Mar. 26, 2018) ............... 19

*Boring v. State Farm Fire & Cas. Co.*,
    No. CV 19-1833, 2019 WL 3774191 (E.D. Pa. Aug. 9, 2019) ....................... 19

*Boulevard Assocs. v. Seltzer Partnership*,
    664 A.2d 983 (Pa. Super. Ct. 1995) ................................................................. 7

*Bradshaw v. Pennsylvania State Univ.*,
    No. 10-4839, 2011 WL 1288681 (E.D. Pa. Apr. 5, 2011) ................................ 4

*Butta v. GEICO Cas. Co.*,
    400 F. Supp. 3d 225 (E.D. Pa. 2019) ............................................................. 16

*Camp v. New Jersey Mfrs. Ins. Co.*,
    No. CV 16-1087, 2016 WL 3181743 (E.D. Pa. June 8, 2016) ........................ 10

*Cheatle v. Katz*,
    No. Civ. A. 02–4405, 2003 WL 21250583 (E.D. Pa. Apr. 1, 2003) ................ 18

*Christopher v. First Mut. Corp.*,
    No. Civ.A. 05–01149, 2006 WL 166566 (E.D. Pa. Jan. 20, 2006) ................. 17

*Cicon v. State Farm Mut. Auto. Ins. Co.*,
    No. 3:14-CV-2187, 2015 WL 926148 (M.D. Pa. Mar. 4, 2015) ..................... 15

*Clark v. Prudential Ins. Co. of Am.*,
  736 F. Supp. 2d 902 (D.N.J. 2010) ............................................................... 21

*Cook ex rel. Cook. v. AAA Life Ins. Co.*,
  13 N.E.3d 20 (Ill. App. Ct. 2014) ................................................................ 12

*Cook v. Gen. Nutrition Corp.*,
  749 F. App'x 126 (3d Cir. 2018) .................................................................... 8

*Cramer v. Insurance Exch. Agency*,
  675 N.E.2d 897 (Ill. 1996) ........................................................................... 12

*Crichton v. Golden Rule Ins. Co.*,
  576 F.3d 392 (7th Cir. 2009) ........................................................................ 11

*D'Ambrosio v. Pennsylvania Nat'l Mut. Ins. Co.*,
  431 A.2d 966 (Pa. 1981) ............................................................................... 15

*Dayton v. Auto. Ins. Co. of Hartford, Connecticut*,
  No. CV 3:20-1833, 2021 WL 5163221 (M.D. Pa. Nov. 5, 2021) ................... 10

*Gardner v. State Farm Fire & Cas. Co.*,
  544 F.3d 553 (3d Cir. 2008) ......................................................................... 16

*Goleman v. York Int'l Corp.*,
  Civ. A. No. 11-1328, 2011 WL 3330423 (E.D. Pa. Aug. 3, 2011) ................. 19

*Greenberger v. GEICO Gen. Ins. Co.*,
  631 F.3d 392 (7th Cir. 2011) ........................................................................ 14

*Gridley v. State Farm Mut. Auto. Ins.*,
  840 N.E.2d 269 (Ill. 2005) ............................................................................ 11

*Hockenberry v. Diversified Ventures, Inc.*,
  No. 4:04CV1062, 2005 WL 1458768 (M.D. Pa. June 20, 2005) ................... 18

*Houston v. GEICO Advantage Ins. Co.*,
  No. CV 22-35, 2022 WL 2834342 (W.D. Pa. July 20, 2022) ........................ 10

*Hunt v. U.S. Tobacco Co.*,
  538 F.3d 217 (3d Cir. 2008) ......................................................................... 18

*Ice City, Inc. v. Insurance Co. of N. Am.*,
   314 A.2d 236 (Pa.1974) ............................................................... 7, 8

*Jonathan Z. v. Oxford Health Plans*,
   No. 218CV00383JNPJCB, 2022 WL 3227909 (D. Utah Aug. 9,
   2022) ................................................................................................. 20

*Ke v. Liberty Mut. Ins. Co.*,
   No. CV 20-1591, 2020 WL 7353892 (E.D. Pa. Dec. 14, 2020) ....................... 17

*Kerr v. State Farm Mut. Auto. Ins. Co.*,
   No. CV 18-309, 2018 WL 5809989 (W.D. Pa. Nov. 6, 2018) ........................ 16

*Leona's Pizzeria, Inc. v. Nw. Nat. Cas. Co.*,
   203 F. Supp. 2d 930 (N.D. Ill. 2002) ............................................. 12

*Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*,
   562 F.3d 553 (3d Cir. 2009) ........................................................ 14

*Monck v. Progressive Corp.*,
   No. 3:15-CV-250, 2015 WL 1638574 (M.D. Pa. Apr. 13, 2015) .............. 15, 19

*Mondron v. State Farm Mut. Auto. Ins. Co.*,
   No. CV 16-412, 2016 WL 7384183 (W.D. Pa. Dec. 21, 2016) ...................... 16

*NBL Flooring, Inc. v. Trumbull Ins. Co.*,
   No. CIV.A. 10-4398, 2014 WL 615967 (E.D. Pa. Feb. 12, 2014) .................. 20

*New Park Manor, Inc. v. N. Pointe Ins. Co.*,
   No. 13 C 4537, 2013 WL 5408856 (N.D. Ill. Sept. 26, 2013) ........................ 13

*In re: Niaspan Antitrust Litig.*,
   2015 WL 8150588 (E.D. Pa. Dec. 8, 2015) ..................................... 12

*Nye v. State Farm Mut. Auto. Ins. Co.*,
   No. 3:21-CV-01029, 2022 WL 969620 (M.D. Pa. Mar. 30, 2022) ................... 9

*Owens v. Gaffken & Barriger Fund, LLC*,
   No. 08 CIV. 8414, 2009 WL 3073338 (S.D.N.Y. Sept. 21, 2009) .................... 4

*Patriotic Order Sons of Am. Hall Ass'n v. Hartford Fire Ins. Co.*,
   157 A. 259 (Pa. 1931) ............................................................. 7, 8

*Philidor Rx Svcs. LLC v. Polsinelli P.C.*,
  552 F. Supp. 3d 506 (E.D. Pa. 2021) ............................................................... 4

*Plumbers' Loc. Union No. 690 Health Plan v. Apotex Corp.*,
  No. CV 16-665, 2017 WL 4235773 (E.D. Pa. Sept. 25, 2017) ........................ 18

*Prukala v. Chase Bank, N.A.*,
  No. 3:19-CV-1791, 2020 WL 5351042 (M.D. Pa. Sept. 4, 2020) .................... 17

*Rancosky v. Washington Nat'l Ins. Co.*,
  170 A.3d 364 (Pa. 2017) ................................................................................... 9

*Reid v. BCBSM, Inc.*,
  984 F. Supp. 2d 949 (D. Minn. 2013) ............................................................. 20

*Ridolfi v. State Farm Mut. Auto. Ins. Co.*,
  No. 1:15-CV-859, 2017 WL 4418423 (M.D. Pa. Oct. 5, 2017) ...................... 15

*Riley v. Farmers Fire Ins. Co.*,
  735 A.2d 124 (Pa. Super. Ct. 1999) .................................................................. 7

*Seldon v. Home Loan Services, Inc.*,
  647 F.Supp.2d 451 (E.D. Pa. 2009) ................................................................ 17

*Shaw v. USAA Cas. Ins.*,
  No. CV 3:17-947, 2018 WL 2183272 (M.D. Pa. May 11, 2018) .................... 10

*Sherwin-Williams Co. v. Cty. of Delaware, Pa.*,
  968 F.3d 264 (3d Cir. 2020) ............................................................................ 20

*Sieving v. Cont'l Cas. Co.*,
  535 F. Supp. 3d 762 (N.D. Ill. 2021) .............................................................. 11

*Simmons v. Nationwide Mut. Fire Ins. Co.*,
  788 F. Supp. 2d 404 (W.D. Pa. 2011) ....................................................... 14, 15

*Smith v. State Farm Mut. Auto. Ins. Co.*,
  506 F. App'x 133 (3d Cir. 2012) ....................................................................... 9

*Smith v. State Farm Mut. Auto. Ins. Co.*,
  No. CIV.A. 11-7589, 2012 WL 508445 (E.D. Pa. Feb. 16, 2012),
  *aff'd*, 506 F. App'x 133 (3d Cir. 2012) .......................................................... 18

*Sullivan v. Liberty Mut. Ins. Co.*,
No. 21 C 6084, 2022 WL 2105904 (N.D. Ill. June 10, 2022) .......................... 20

*Toner v. GEICO Ins. Co.*,
262 F. Supp. 3d 200 (E.D. Pa. 2017) .................................................. 9

*United States v. Vantage Tr. Fed. Credit Union*,
No. 3:17-CV-0348, 2018 WL 306920 (M.D. Pa. Jan. 5, 2018) ....................... 16

*Warnstorff v. State Farm Auto. Ins. Co.*,
No. CIV.A. 3:14-0077, 2014 WL 2808604 (M.D. Pa. June 19,
2014) ........................................................................................ 10

*In re Wellbutrin XL Antitrust Litigation*,
260 F.R.D. 143 (E.D. Pa. 2009) ...................................................... 12

*Xi Chen Lauren v. PNC Bank, N.A.*,
296 F.R.D. 389 (W.D. Pa. 2014) ..................................................... 12

*Yocca v. Pittsburgh Steelers Sports, Inc.*,
854 A.2d 425 (Pa. 2004) .............................................................. 19

**Rules and Statutes**

215 ILCS 5/155 ............................................................................ 12

Pa. C.S.A. § 8371 ...................................................................... 3, 9

42 Pa.C.S. § 7342(b) ..................................................................... 7

73 Pa. C.S. § 201-2(4)(xxi) ............................................................ 17

Fed. R. Civ. P. 8 ...................................................................... 8, 14

Fed. R. Civ. P. 9(b) ............................................................... *passim*

Fed. R. Civ. P. 12(b)(1) ............................................................. 4, 20

Fed. R. Civ. P. 12(b)(6) ................................................................. 4

## INTRODUCTION

Plaintiffs challenge the manner in which State Farm estimated repair damage to their prior residence, alleging State Farm improperly used a "new construction" labor efficiency setting in Xactimate's estimating software, instead of that software's "repair and replacement" labor efficiency setting. However, Plaintiffs identify no policy provision they claim was breached by State Farm's use of this software setting and even admit: "The policy does not prescribe a specific method of computation nor require a specific method of estimation." (*See* Complaint, Doc. 1-1, ¶ 21.) Plaintiffs cannot claim State Farm breached a contractual obligation that does not exist, and as such, Plaintiff's case must be dismissed.

Plaintiffs' Homeowners Policy (the "Policy," in Ex. 1) contains a two-step loss settlement process, pursuant to which State Farm makes a payment for "the actual cash value" of the damaged property, and then pays the insured for any additional covered amounts "actually and necessarily" spent on repairs of the damaged property. (Policy at 18-19.) If there is a dispute over the amount of the loss, either side may request appraisal (*id*. at 14), which the Complaint acknowledges occurred here. (Compl. ¶¶ 58(i)-(m).) Plaintiffs do not, and *cannot*, allege they received less than the actual cash value of the damaged portion of their property, which was set by contract and by the appraisal award received. Nor do Plaintiffs allege State Farm failed to reimburse them for amounts they actually spent on

repairs, or that they received less than the cost to repair the damaged property, which is a cap on the amount payable under the Policy for covered damage. Because Plaintiffs cannot identify *any* policy provision that was breached by State Farm, they fail to state a claim for breach of contract.

Plaintiffs' extra-contractual claims are predicated on a breach of the Policy, and thus necessarily fail as well. These superfluous add-on claims are additionally subject to dismissal for myriad independent reasons, including that: Plaintiffs' bad faith claim provides only a conclusory laundry-list of alleged violations without supporting facts; the Illinois Consumer Fraud Act ("ICFA") has no extraterritorial application and is substantively deficient in any event; the claims for breach of the implied covenant of good faith and fair dealing and declaratory judgment are precluded as duplicative; and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") does not apply to alleged wrongdoing in the adjustment of insurance claims. Moreover, Plaintiffs cannot seek to represent non-Pennsylvania insureds even if they had stated a viable claim against State Farm, which they do not. Finally, Plaintiffs also lack standing to seek declaratory and injunctive relief, since they are no longer insured by State Farm. All of Plaintiffs' claims should be dismissed with prejudice.

## PLAINTIFFS' ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiffs are Pennsylvania residents who previously owned a house in Duryea, Pennsylvania. (Compl. ¶¶ 1, 2.) That prior house was previously insured by State Farm and was damaged by a "catastrophic" fire on September 24, 2019. (*Id.* ¶¶ 2, 47, 51.) State Farm prepared a damage estimate using Xactimate software, which Plaintiffs allege offers a choice of estimating repair costs based on "restoration, service, or remodeling environments" or a "new construction environment." (*Id.* ¶ 30.) Plaintiffs claim that because the loss to their property was supposedly a "partial loss," it should have been estimated using the "repair or restoration" setting, but State Farm used the "new construction" setting instead. (*Id.* ¶¶ 33, 36, 82.) Plaintiffs further claim that State Farm compelled Plaintiffs "to engage in an unnecessary Appraisal" to resolve the parties' dispute over the amount of loss. (*Id.* ¶ 59(i).)

In addition to claiming breach of contract (Count III), Plaintiffs assert claims for bad faith under Pa. C.S.A. § 8371 (Count I), violation of ICFA (Count II), breach of implied covenant of good faith and fair dealing (Count IV), declaratory judgment (Count V), and violation of UTPCPL (Count VI). Plaintiffs further purport to assert a nationwide class claim under Count II (ICFA) and Pennsylvania class claims under Counts III, IV, V and VI. Plaintiffs seek declaratory relief under Count V and injunctive relief under Counts II (ICFA) and VI (UTPCPL).

Plaintiffs filed their Complaint (styled an "Amended Complaint") in the Court of Common Pleas of Luzerne County, Pennsylvania, and State Farm timely and properly removed this action to this Court. State Farm now moves to dismiss the Complaint.

## STATEMENT OF QUESTIONS INVOLVED

Whether: (1) Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim; and (2) Plaintiffs' claims for equitable relief should be dismissed pursuant to Rule 12(b)(1) for lack of standing.

## ARGUMENT

## I.    PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF CONTRACT (COUNT III)

To properly allege a breach of contract under Pennsylvania law, the plaintiff must identify "a specific provision" of the contract that was breached. *Philidor Rx Svcs. LLC v. Polsinelli P.C.*, 552 F. Supp. 3d 506, 513-14 (E.D. Pa. 2021); *Bradshaw v. Pennsylvania State Univ.*, No. 10-4839, 2011 WL 1288681, at *2 (E.D. Pa. Apr. 5, 2011); *Owens v. Gaffken & Barriger Fund, LLC*, No. 08 CIV. 8414, 2009 WL 3073338, at *14 (S.D.N.Y. Sept. 21, 2009). Plaintiffs fail to state a breach of contract claim because they do not and cannot identify any provision of the Policy breached by State Farm.

## A.    Plaintiffs Fail To Allege Any Policy Provision Was Breached.

In support of their contract claim, Plaintiffs offer only generalized assertions that "State Farm breached the contract by failing to value and adjust Plaintiffs' partial loss reasonably using 'repair/ reconstruction pricing' choosing instead to use 'new construction' pricing to undervalue and underpay Plaintiffs' claim." (Compl. ¶ 82.) But Plaintiffs cannot identify any provision in the Policy that requires State Farm to use specific repair estimating software, or one setting in that software over another.

Plaintiffs admit: "The policy does not prescribe a specific method of computation nor require a specific method of estimation." (Compl. ¶ 21.) Accordingly, a breach of contract claim cannot be based on the "specific method of estimation" they contend State Farm should have used; *i.e.*, the "repair/reconstruction" setting in Xactimate's software. While Plaintiffs cite State Farm's contractual obligation to "pay the cost to repair or replace with similar construction and for the same use" (Compl. ¶¶ 20, 22), they nowhere allege that they received less from State Farm than "the cost to repair or replace" the damage to their home.

Moreover, State Farm's obligation under the Policy is to pay "the cost to repair or replace" the damaged property only according to a two-step loss settlement provision. Under that provision, payment is first made for "the actual cash value of

the damaged part of the property," followed by payment (up to the applicable limit of liability) for any additional amounts "actually and necessarily" spent on covered repairs of the damaged property. (Policy at 11). Plaintiffs do not allege that they received less than the actual cash value of the covered damage to their home, or that State Farm failed to pay any amounts they actually and necessarily spent on repairs. At most, Plaintiffs suggest that if State Farm had used Xactimate's "repair and remodeling" labor efficiency setting in its initial estimate, they might have received more money up front (Compl. ¶ 82), not that the amount they received was less than the actual cash value of their loss, or the actual amount they spent on repairs.[1] Because Plaintiffs do not identify any specific policy provision breached by State Farm, their breach of contract claim should be dismissed.

### B.    Plaintiffs Cannot Cure Their Failure.

Plaintiffs cannot rectify their pleading failure by amendment. As stated in the Complaint, the amount of their loss "has now been established by an Appraisal Award" (¶ 58(k)), which Plaintiffs do not and cannot allege State Farm failed to properly pay. (Ex. 3.) That January 4, 2022 appraisal award "set the amount of loss" (Policy at 14) and bars any subsequent challenge to the sufficiency of State Farm's payments.

---

[1] Plaintiffs do not allege they undertook any repairs, and they now live at a new address. (*Compare* Compl. ¶ 1 with ¶ 2.)

"An appraisal made pursuant to the provisions of an insurance contract binds the parties by conclusively establishing the amount of the insured's loss." *Ice City, Inc. v. Insurance Co. of N. Am.*, 314 A.2d 236, 240 (Pa. 1974). "Appraisal is an entirely appropriate means for settling the dispute, *and is indeed the favored practice.*" *Id.* (emphasis added).

Once a dispute over the amount of loss under an insurance policy has been resolved through the appraisal process, judicial review is limited. *Riley v. Farmers Fire Ins. Co.*, 735 A.2d 124, 128 (Pa. Super. Ct. 1999). An appraisal award may only be reviewed within 30 days, *id.* (citing 42 Pa.C.S. § 7342(b)), and, if review is timely sought, it may only be set aside where "fraud, misconduct, corruption, or other irregularity" caused an unjust result. *Id.*; *Boulevard Assocs. v. Seltzer Partnership*, 664 A.2d 983, 987 (Pa. Super. Ct. 1995); *see also Patriotic Order Sons of Am. Hall Ass'n v. Hartford Fire Ins. Co.*, 157 A. 259, 261 (Pa. 1931) ("[A]n award of arbitrators or appraisers, such as is provided for in the policy in this case and in the agreement of submission, cannot be set aside except for actual fraud or deception or for a mistake on the part of the appraisers which is not a mere mistake of judgment.").

Plaintiffs did not seek judicial review of the appraisal award within 30 days and are barred from challenging it now. Their allegations also do not come close to satisfying the high standard for judicial review of an appraisal award. Plaintiffs

allege the appraisal was "unnecessary," but it is a favored mechanism for resolving disputes over the amount of loss, *Ice City*, 314 A.2d at 240, and it is specifically provided for in the Policy. (*See* Policy at 14.) State Farm cannot have breached the Policy by exercising a contractual right. *See Cook v. Gen. Nutrition Corp.*, 749 F. App'x 126, 129 (3d Cir. 2018).

Plaintiffs' conclusory allegations that State Farm acted in "bad faith" during the appraisal process (by supposedly "failing to act with dispatch," "attempting to exert undue influence" and "improperly interfering with and attempting to corrupt" the process (Compl. ¶¶ 58(i), (j), (l), (m)) are wholly devoid of any facts making them plausible. None of these conclusory allegations provides sufficient notice to State Farm of how Plaintiffs allege the appraisal was tainted by "fraud, misconduct, corruption, or other irregularity" under Rule 8, much less with the particularity required by Rule 9(b).[2] Plaintiffs did not timely seek judicial review of the appraisal award and they fail to set forth any colorable basis warranting such review. They are bound by the appraisal, and the amounts paid by State Farm, as a matter of law. *Patriotic Order Sons of Am. Hall Ass'n,* 157 A. at 261.

---

[2] Instead, the Complaint *omits* that the appraisal award was entered with the agreement of Plaintiff's appointed appraiser. (*See* Ex. 3 at 2.)

## II.    PLAINTIFFS FAIL TO STATE A CLAIM OF BAD FAITH (COUNT I).

Because Plaintiffs' breach of contract claim fails, their bad faith claim should be dismissed as well. *See Ash v Cont'l Ins. Co.,* 932 A.2d 877, 882 (Pa. 2007) (section 8371 requires "an action arising under an insurance policy") (quoting statute); *Nye v. State Farm Mut. Auto. Ins. Co.*, No. 3:21-CV-01029, 2022 WL 969620, at *4 (M.D. Pa. Mar. 30, 2022) ("dismissal of the breach of contract claim removes the predicate cause of action otherwise required to accompany the section 8371 claim.")

Plaintiffs also fail to plausibly allege bad faith. To establish a bad faith claim, "a plaintiff must demonstrate, by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017). "Bad faith claims are fact specific and turn on the conduct of the insurer towards the insured." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017). Accordingly, a "plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Id.*; *see also Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012).

Plaintiffs' bad faith claim simply lists alleged violations unsupported by specific facts. (Compl. ¶ 58.) "[C]ourts in this circuit have consistently held the

same or similar list of violations to be conclusory, rather than factual." *Houston v. GEICO Advantage Ins. Co.*, No. CV 22-35, 2022 WL 2834342, at *2 (W.D. Pa. July 20, 2022) (collecting cases). Most of Plaintiffs' claimed violations relate to State Farm's use of "new construction" numbers in their estimate (Compl. ¶¶ 58(a)-(c), (e)-(i), (k), (n)-(o), (q)-(r).) Mere disagreement about the evaluation of claims is not bad faith. *Shaw v. USAA Cas. Ins.*, No. CV 3:17-947, 2018 WL 2183272, at *8 (M.D. Pa. May 11, 2018); *Warnstorff v. State Farm Auto. Ins. Co.*, No. CIV.A. 3:14-0077, 2014 WL 2808604, at *3 (M.D. Pa. June 19, 2014).

Plaintiffs also claim State Farm somehow acted in bad faith during the Appraisal process (Compl. ¶ 58(l)-(m), (p)), but the Complaint is devoid of any facts supporting these conclusory allegations. The appraisal award was agreed to by the appraisers appointed by both sides. (*See* Ex. 3 at 2.) Plaintiffs' conclusory allegations of bad faith should be dismissed. *Dayton v. Auto. Ins. Co. of Hartford, Connecticut*, No. CV 3:20-1833, 2021 WL 5163221, at *4 (M.D. Pa. Nov. 5, 2021) (rejecting "purely conclusory statements, comprising of boiler-plate language that courts have deemed insufficient to support a bad faith claim"); *Camp v. New Jersey Mfrs. Ins. Co.*, No. CV 16-1087, 2016 WL 3181743, at *4 (E.D. Pa. June 8, 2016) (same; collecting cases).

## III.  PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT (COUNT II).

### A.  The ICFA Does Apply to Plaintiffs.

The ICFA "does not have extraterritorial effect." *Avery v. State Farm Mut. Auto. Ins. Co.,* 835 N.E.2d 801, 853 (Ill. 2005).  Non-resident parties such as Plaintiffs "may sue under ICFA only if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 396 (7th Cir. 2009) (citing *Avery*).  Plaintiffs allege no facts connecting their claims to the State of Illinois apart from the fact that State Farm is headquartered there (Compl. ¶ 3), which is insufficient for an ICFA claim.  *See Avery*, 835 N.E.2d at 855; *Crichton*, 576 F.3d at 397.

Plaintiffs entered into their insurance contract in Pennsylvania, submitted their homeowner claims there, and were allegedly deceived there.  Their ICFA claim must be dismissed.  *See Crichton*, 576 F.3d at 397 (affirming dismissal of ICFA claim by Florida resident); *Gridley v. State Farm Mut. Auto. Ins.,* 840 N.E.2d 269, 275 (Ill. 2005) ("the majority of circumstances … in this case occurred primarily and substantially in Louisiana, so that [plaintiff] does not have a cognizable cause of action under the Illinois Consumer Fraud Act"); *Sieving v. Cont'l Cas. Co.*, 535 F. Supp. 3d 762, 771 (N.D. Ill. 2021) (dismissing ICFA claim by California resident: "the administration of a defendant's business in Illinois" and even "dissemination"

of allegedly deceptive documents from Illinois "is insufficient to give a nonresident plaintiff a claim") (citations omitted).[3]

### B.    The ICFA Claim is Preempted by Insurance Code Section 155.

Even if Plaintiffs could bring an ICFA claim, it would be barred by Illinois Insurance Code, 215 ILCS 5/155, which "provides an extracontractual remedy to policyholders whose insurer's refusal to recognize liability and pay a claim is vexatious and unreasonable." *Cramer v. Insurance Exch. Agency*, 675 N.E.2d 897, 900 (Ill. 1996). Under Illinois law, when the conduct alleged for an ICFA claim "is merely a breach of contract or conduct proscribed by section 155, a Consumer Fraud Act claim on that basis is preempted by section 155." *Cook ex rel. Cook. v. AAA Life Ins. Co.*, 13 N.E.3d 20, 33 (Ill. App. Ct. 2014); *see also Leona's Pizzeria, Inc. v. Nw. Nat. Cas. Co.*, 203 F. Supp. 2d 930, 933 (N.D. Ill. 2002) (claim that an insurer is "lying" to "avoid paying [a] claim" amounts to no more than claim for denial of benefits and breach of contract "and is preempted by § 155"). Plaintiffs make conclusory allegations of "misrepresentations" and "deceptive acts," but the only

---

[3] Plaintiffs' ICFA claim is the only claim asserted on behalf of a nationwide class. Even if Plaintiffs could argue for extraterritorial application of that statute, they would not be able to assert claims on behalf of individuals in other states that Plaintiffs do not reside in and where they did not suffer any alleged injury. *See In re: Niaspan Antitrust Litig.*, 2015 WL 8150588, at *3 (E.D. Pa. Dec. 8, 2015) (collecting cases); *Xi Chen Lauren v. PNC Bank, N.A.*, 296 F.R.D. 389, 391 (W.D. Pa. 2014) (dismissing claims brought under laws of all 50 states where named plaintiff only suffered injury in one state) (citing *In re Wellbutrin XL Antitrust Litigation*, 260 F.R.D. 143, 158 (E.D. Pa. 2009)).

specific conduct referenced in their ICFA claim is State Farm's use of the "new construction" setting—which is the same allegation that forms the basis for Plaintiffs' claim for breach of contract. (Compl. ¶¶ 75, 82.) Thus, their ICFA claim would be pre-empted by Section 155 even if it could be asserted.

### C.    Plaintiffs Fail to Adequately Allege an ICFA Claim.

Plaintiffs additionally fail to sufficiently plead the elements of an ICFA claim. "To state a claim under the ICFA, Plaintiff must allege: (1) a deceptive act or practice by Defendant; (2) Defendant's intent that Plaintiff rely on the deception; (3) that the deception occurred in the course of conduct of trade or commerce; (4) actual damage to Plaintiff; and (5) that the damage was proximately caused by Defendant." *New Park Manor, Inc. v. N. Pointe Ins. Co.*, No. 13 C 4537, 2013 WL 5408856, at *4 (N.D. Ill. Sept. 26, 2013). Because Plaintiffs allege fraud under the ICFA (*see* Compl. ¶¶ 68-69, 71-74), their allegations "must be pleaded with the same particularity as common law fraud and must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).'" *Id.* (citation omitted). To meet this heightened standard, Plaintiffs must allege "the identity of the person making the representation, the time, place and contents of the misrepresentation, and the method by which the misrepresentation was communicated." *Id.*

The Complaint supplies none of this information. Plaintiffs offer only conclusory allegations of "misrepresentations" and "omissions" (Compl. ¶¶ 71-74),

which fail to satisfy the notice standard of Rule 8, much less the heightened pleading standard of Rule 9(b). These allegations "are nothing more than restatements of the claimed breach of contract, albeit using the language of fraud." *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011).[4] Additionally, the Complaint does not explain how Plaintiffs purportedly relied upon any deceptive conduct by State Farm, nor any resulting damages therefrom. Their ICFA claim fails for all these reasons as well.[5]

## IV. PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH (COUNT IV).

Plaintiffs' claim for breach of the covenant of good faith and fair dealing should be dismissed because it is duplicative of their contract claim. "Pennsylvania does not recognize a separate breach of contractual duty of good faith and fair dealing where said claim is subsumed by a separately pled breach of contract claim." *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F. Supp. 2d 404, 409 (W.D. Pa. 2011). In cases involving first-party claims for insurance benefits, courts have

---

[4] Plaintiffs' allegations are contradicted by the documents cited therein. The Complaint alleges Plaintiffs were not aware State Farm used "new construction" pricing (*see, e.g.,* Compl. ¶¶ 106-07), but the first page of State Farm's estimate states such pricing was used (and further that Plaintiffs were represented by a public adjuster during the process). (*See* Ex. 2 at 3.).

[5] Plaintiffs also have an adequate remedy in the form of money damages, which precludes injunctive relief under the ICFA or otherwise. *See Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 557 (3d Cir. 2009).

applied this rule to hold that a claim for breach of the duty of good faith and fair dealing "is subsumed by the plaintiff's breach of insurance contract claim premised on the same conduct." *Id.* (collecting cases); *Ridolfi v. State Farm Mut. Auto. Ins. Co.*, No. 1:15-CV-859, 2017 WL 4418423, at *5 (M.D. Pa. Oct. 5, 2017) (same); *Monck v. Progressive Corp.*, No. 3:15-CV-250, 2015 WL 1638574, at *4 (M.D. Pa. Apr. 13, 2015) (same). The Pennsylvania Supreme Court has similarly held that "there is no cause of action for breach of the implied duty of good faith and fair dealing in a case for first party insurance benefits, like this one, where an insured is suing his insurer." *Cicon v. State Farm Mut. Auto. Ins. Co.*, No. 3:14-CV-2187, 2015 WL 926148, at *2 (M.D. Pa. Mar. 4, 2015) (citing *D'Ambrosio v. Pennsylvania Nat'l Mut. Ins. Co.*, 431 A.2d 966, 970-71 (Pa. 1981)).

Plaintiffs' breach of the implied covenant of good faith and fair dealing claim (Count IV) is premised on the same alleged misconduct as their breach of contract claim (Count III). Indeed, the operative language of each claim is virtually identical. *Compare* Compl. ¶ 88 *with* ¶ 82. Because the two claims rely upon the same alleged conduct, Plaintiffs' implied covenant claim is subsumed into their contract claim and should be dismissed.

## V.   PLAINTIFFS FAIL TO STATE A CLAIM FOR DECLARATORY RELIEF (COUNT V).

Plaintiffs fail to state a claim for declaratory relief because they have not pled a breach of contract, which is the predicate for their request for a declaration that

State Farm breached their policy. (*See* Compl. ¶¶ 94-96.) Plaintiffs' declaratory relief claim is also entirely duplicative of their contract claim, and should be dismissed for that reason, as well. *Butta v. GEICO Cas. Co.*, 400 F. Supp. 3d 225, 233, 236 (E.D. Pa. 2019) (dismissing claim seeking declaration that insured was "entitled to recover" under insurance policy: "It is improper to resolve this liability issue through declaratory relief."); *United States v. Vantage Tr. Fed. Credit Union*, No. 3:17-CV-0348, 2018 WL 306920, at *7 (M.D. Pa. Jan. 5, 2018) (dismissing duplicative declaratory claim).

## VI.    PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE UPTCPL (COUNT VI).

### A.    Plaintiffs' Claims Are Outside The UTPCPL.

Plaintiffs' UTPCPL claim should be dismissed because that statute does not apply to alleged mishandling of insurance claims. "Allegations of misconduct in the claims handling process are not actionable under the UTPCPL." *Kerr v. State Farm Mut. Auto. Ins. Co.*, No. CV 18-309, 2018 WL 5809989, at *6 (W.D. Pa. Nov. 6, 2018) (citation omitted); *Mondron v. State Farm Mut. Auto. Ins. Co.*, No. CV 16-412, 2016 WL 7384183, at *5 (W.D. Pa. Dec. 21, 2016) (same).

Plaintiffs' claim also fails because they allege nonfeasance, rather than malfeasance. "In Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the [UTPCPL]." *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 564-65 (3d Cir. 2008). "[A] claim for

failure to pay the full amount and for failure to investigate . . . are forms of nonactionable 'nonfeasance' under the UTPCPL." *Ke v. Liberty Mut. Ins. Co.*, No. CV 20-1591, 2020 WL 7353892, at *7 (E.D. Pa. Dec. 14, 2020). Because Plaintiffs' UTPCPL claim rests upon the allegation that State Farm is guilty of "undervaluing the adjustment of the loss" (Compl. ¶ 108), the claim alleges nonfeasance and is not actionable under the UTPCPL.[6]

## B. Plaintiffs Do Not Plead the Elements of a UTPCPL Claim.

Plaintiffs also fail to sufficiently plead a UTPCPL claim. The Complaint does not identify which provision of the UTPCPL is claimed to be violated, but Plaintiffs appear to be relying upon the catch-all provision: 73 Pa. C.S. § 201-2(4)(xxi). To state a claim under that provision, Plaintiffs must identify "affirmative deceptive acts by [defendant] upon which the plaintiffs justifiably relied to their financial detriment," *Angino v. Wells Fargo Bank, N.A.*, No. 1:15-CV-418, 2016 WL 787652, at *11 (M.D. Pa. Feb. 19, 2016), *report and recommendation adopted*, 2016 WL 759161, *aff'd*, 666 F. App'x 204 (3d Cir. 2016), and they must plead fraud with the particularity required by Rule 9(b). *See Seldon v. Home Loan Services, Inc.*, 647 F.Supp.2d 451, 470 n. 11 (E.D. Pa. 2009) (citing *Christopher v. First Mut. Corp.*,

---

[6] Their request for attorney fees (Compl. ¶ 113) separately fails because "damages connected to retaining legal counsel. . . are not an ascertainable loss under the [UTPCPL]." *Prukala v. Chase Bank, N.A.*, No. 3:19-CV-1791, 2020 WL 5351042, at *4 (M.D. Pa. Sept. 4, 2020).

No. Civ.A. 05–01149, 2006 WL 166566, at *3 (E.D. Pa. Jan. 20, 2006)); *Cheatle v. Katz*, No. Civ. A. 02–4405, 2003 WL 21250583, at *8 (E.D. Pa. Apr. 1, 2003) (same). Plaintiffs' UTPCPL claim vaguely refers to "deceptive acts" (Compl. ¶ 105), but no such acts are factually alleged, and certainly not with the particularity required by Rule 9(b).

Plaintiffs also fail to allege justifiable reliance. "Regardless of which subsection [of the UTPCPL] plaintiffs bring their suit under . . . they must allege that they justifiably relied on defendants' wrongful conduct or representation," *Hockenberry v. Diversified Ventures, Inc.*, No. 4:04CV1062, 2005 WL 1458768, at *4 (M.D. Pa. June 20, 2005), and that "his reliance on the misrepresentation caused the harm." *Plumbers' Loc. Union No. 690 Health Plan v. Apotex Corp.*, No. CV 16-665, 2017 WL 4235773, at *7 (E.D. Pa. Sept. 25, 2017). The Third Circuit has explicitly rejected the suggestion that plaintiffs enjoy a "presumption of reliance." *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 227 (3d Cir. 2008).

The Complaint is devoid of any factual, non-conclusory allegations indicating that Plaintiffs justifiably relied upon any misrepresentations by State Farm or any damages resulting therefrom[7] Their UTPCPL claim thus must be dismissed. *See*

---

[7] Courts have recognized that allegations of reliance are implausible in the context of first party insurance claims because such claims "are inherently and unavoidably arm's length and adversarial." *Smith v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 11-7589, 2012 WL 508445, at *4 (E.D. Pa. Feb. 16, 2012) (citation

*Boring v. State Farm Fire & Cas. Co.*, No. CV 19-1833, 2019 WL 3774191, at \*7
(E.D. Pa. Aug. 9, 2019) (rejecting conclusory reliance allegations where complaint
contained "no facts allowing us to leap to an inference between deceptive conduct
and justifiable reliance"); *Bolus v. Nationwide Prop. & Cas. Co.,* No. 3:16-CV-
00753, 2018 WL 1474669, at \*4 (M.D. Pa. Mar. 26, 2018) (UTPCPA claim failed
because insured's alleged damages were caused by adjustment of claim, not by
alleged misrepresentations).[8]

Plaintiffs' request for injunctive relief under the UTPCPA (Compl. ¶ 77)
independently fails because "[t]he plain statutory language authorizes only the
Pennsylvania Attorney General or a district attorney to seek injunctive or declaratory
relief." *Abraham v. Ocwen Loan Servicing, LLC*, 321 F.R.D. 125, 169 (E.D. Pa.
2017); *Goleman v. York Int'l Corp.*, Civ. A. No. 11-1328, 2011 WL 3330423, at \*10
n. 6 (E.D. Pa. Aug. 3, 2011) (same).[9]

---

omitted), *aff'd,* 506 F. App'x 133 (3d Cir. 2012); *see also Monck,* 2015 WL
1638574, at \*7 (M.D. Pa. Apr. 13, 2015) (same).

[8] Plaintiff cannot establish justifiable reliance on any extra-contractual
statements by State Farm because the Policy explicitly states that it "contains all the
agreements" between State Farm and the insured. (Policy at 1.) *See Yocca v.
Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 439 (Pa. 2004) (affirming dismissal
of UTPCPL claim: "given this Commonwealth's adoption of the parol evidence rule,
Appellees simply cannot be said to have *justifiably* relied on any representations
made … before the parties entered into the SBL Agreement").

[9] Plaintiffs also cannot seek injunctive relief in any event because their injuries
are compensable by money damages. *See supra* n. 5.

## VII.  PLAINTIFFS' CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF SHOULD ADDITIONALLY BE DISMISSED UNDER RULE 12(b)(1).

Plaintiffs also lack standing to assert their claim for declaratory relief (Count V) and their requests for injunctive relief under the ICFA and the UTPCPA (Compl. ¶¶ 77, 113), because they face no risk of sustaining future injury by State Farm's challenged estimation methods.  It is well settled that "a party seeking equitable relief for a prospective injury . . . must show a 'likelihood of substantial and immediate irreparable injury' to establish standing." *Sherwin-Williams Co. v. Cty. of Delaware, Pa.*, 968 F.3d 264, 269 (3d Cir. 2020) (citation omitted).  Plaintiffs' requests for declaratory and injunctive relief are addressed to an injury that supposedly occurs when State Farm uses a "new construction" labor efficiency setting to estimate repairs for partial losses.  (Compl. ¶¶ 71, 95, 106.) Plaintiffs are not at risk of sustaining such a future injury because they are no longer State Farm insureds.  (*See* Ex. 4 ¶ 3.)

Numerous courts have recognized that plaintiffs who are no longer insured by the defendant lack standing to seek equitable relief.  *See, e.g., Jonathan Z. v. Oxford Health Plans*, No. 218CV00383JNPJCB, 2022 WL 3227909, at *3 (D. Utah Aug. 9, 2022); *Sullivan v. Liberty Mut. Ins. Co.*, No. 21 C 6084, 2022 WL 2105904, at *5 (N.D. Ill. June 10, 2022); *NBL Flooring, Inc. v. Trumbull Ins. Co.*, No. CIV.A. 10-4398, 2014 WL 615967, at *4 (E.D. Pa. Feb. 12, 2014); *Reid v. BCBSM, Inc.*, 984

F. Supp. 2d 949, 953–54 (D. Minn. 2013); *Clark v. Prudential Ins. Co. of Am.*, 736 F. Supp. 2d 902, 924 (D.N.J. 2010). Accordingly, Plaintiffs' requests for declaratory and injunctive relief should be dismissed.

## CONCLUSION

For all the foregoing reasons, State Farm respectfully requests that the Court dismiss the Complaint, with prejudice.

/s/ *Yolanda Konopacka DeSipio*
Yolanda Konopacka DeSipio
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B-Suite 100
Blue Bell, PA 19422
(267) 654-1100
desipio@bbs-1aw.com

*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

Dated: September 15, 2022