**From:** **Mark Shumate** mark.shumate.brvp@statefarm.com
**Subject:** 38-B517-8S1
**Date:** January 11, 2021 at 2:05 PM
**To:** Brian Evans brian@easternpublic.com
**Cc:** Marla Reilly Marla@EasternPublic.com



Dear Mr. Evans:

Mr. and Mrs. Belotti can rebuild where he or she desires as long as the amount of the replacement cost calculation is based on an **equivalent building** intended for the **equivalent use**. The remaining Replacement Cost Benefits available, if incurred, are $40,162.78. As you know, the claim is currently in appraisal and the amount of the repair cost is subject to change pending the results of the appraisal process. At this time, if Mr. and Mrs. Belotti chose to purchase a new home, the most we would owe is our estimated replacement cost benefit of $40,162.78. As such, if the Belotti's purchase a new home that is to be used for the same purpose as their existing home and expends an equal or greater amount of money (excluding the cost of the land) than it would have cost to repair or replace, then we will consider that as complying with the replacement cost provision.

_____

**Mark Shumate**
**Team Manager – Home & Commercial Proximity**
State Farm Insurance

**Cell: 610-212-7941**
re markable™

**Every** Customer | **Every** Interaction | **Every** Day

*This message may contain confidential and/or privileged information. If you are not the addressee or authorized to receive this for the addressee, you must not use, copy, disclose or take any action based on this message or any information herein. If you have received this message in error, please advise the sender immediately by reply e-mail and delete this message.*

---

**From:** Brian Evans [mailto:brian@easternpublic.com]
**Sent:** Tuesday, January 5, 2021 6:23 PM
**To:** Mark Shumate <mark.shumate.brvp@statefarm.com>
**Cc:** Brian Evans <brian@easternpublic.com>; Marla Reilly <Marla@EasternPublic.com>
**Subject:** [EXTERNAL] Re: 38-B517-8S1

Thank you Mr. Shumate,

Important to clarify..

The insured intends to pay off their existing mortgage at 156 Foote Ave. with a portion of their insurance proceeds from this loss. The balance of those proceeds will then be used to cover the downpayment, and potentially some repair, of a new home at a different location.

We want to confirm that the insured will be provided the replacement cost benefit under the policy in this scenario provided they spend up to or in excess of the final RCV settlement for the their building loss. Understood that the land value will not be included in any RCV claim.

Otherwise understood and appreciate your timely efforts on this. I'll advise the insured accordingly upon your confirmation. Thank you.

Best,

Brian C. Evans, P.A., C.P.A.U.
CEO, Eastern Public, LLC

132 E. 43rd St., Ste. 406
New York, NY 10017
Office (929) 999.4674
Direct (929) 732.4524
Fax (929) 299.7605
[EasternPublic.com](EasternPublic.com)

This transmission and the information it contains, including any attachments, is intended solely for the named addressee(s). It is confidential and may contain legally privileged information. The unauthorized use, disclosure or copying of this transmission is strictly prohibited. Please notify us by telephone or return email if this has been sent to you in error.

(Please consider the environment before printing this email)

> On Dec 30, 2020, at 1:38 PM, Mark Shumate <[mark.shumate.brvp@statefarm.com](mark.shumate.brvp@statefarm.com)> wrote:
>
> Dear Mr. Evans,
>
> Our insured's policy doesn't preclude them from purchasing a new home in lieu of repairing the insured premises. It is at Mr. and Mrs. Belotti's discretion to repair their home or purchase a new home with the proceeds from their claim. Our current building repair estimate is in the amount of $174,451.05. To date, we have paid Mr. and Mrs. Belotti the Actual Cash Value amount less their deductible in the amount of $134,288.27. The remaining Replacement Cost Benefits available, if incurred, are $40,162.78. As you know, the claim is currently in appraisal and the amount of the repair cost is subject to change pending the results of the appraisal process. At this time, if Mr. and Mrs. Belotti chose to purchase a new home, the most we would owe is our estimated replacement cost. Please note, we would not consider the cost/value of the land at the new property when determining the amount of Replacement Cost Benefits incurred if they choose to buy a new home.

Please refer to the following applicable policy language:

**COVERAGE A - DWELLING**
1. Dwelling. We cover the dwelling used principally as a private residence on the residence premises shown in the Declarations.
Dwelling includes:
a. structures attached to the dwelling;
b. materials and supplies located on or adjacent to the residence premises for use in the construction, alteration or repair of the dwelling or other structures on the residence premises;
c. foundation, floor slab and footings supporting the dwelling; and
d. wall-to-wall carpeting attached to the dwelling.

2. Dwelling Extension. We cover other structures on the residence premises, separated from the dwelling by clear space. Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be other structures.
We do not cover other structures:
a. not permanently attached to or otherwise forming a part of the realty;
b. used in whole or in part for business purposes; or
c. rented or held for rental to a person not a tenant of the dwelling, unless used solely as a private garage.

3. Property Not Covered. We do not cover:
a. land, including the land necessary to support any Coverage A property;
b. any costs required to replace, rebuild, stabilize, or otherwise restore the land; or
c. the costs of repair techniques designed to compensate for or prevent land instability to any property,
whether or not insured under Coverage A.

**COVERAGE A - DWELLING**
**1. A1 - Replacement Cost Loss Settlement - Similar Construction.**
a. We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I - COVERAGES, COVERAGE A - DWELLING, except for wood fences, subject to the following:

(1) until actual repair or replacement is completed,
we will pay only the actual cash value at the time
of the loss of the damaged part of the property,
up to the applicable limit of liability shown in the
Declarations, not to exceed the cost to repair or
replace the damaged part of the property;
(2) when the repair or replacement is actually completed, we will pay the covered additional amount
you actually and necessarily spend to repair or
replace the damaged part of the property, or an
amount up to the applicable limit of liability shown
in the Declarations, whichever is less;
(3) to receive any additional payments on a replacement cost basis, you must complete the actual
repair or replacement of the damaged part of the
property within two years after the date of loss,
and notify us within 30 days after the work has
been completed; and
(4) we will not pay for increased costs resulting from
enforcement of any ordinance or law regulating
the construction, repair or demolition of a building
or other structure, except as provided under Option OL - Building Ordinance or Law Coverage.
b. Wood Fences: We will pay the actual cash value at
the time of loss for loss or damage to wood fences,
not to exceed the limit of liability shown in the Declarations for COVERAGE A - DWELLING EXTENSION.

If you have any further questions, please let me know.

Mark Shumate
Team Manager – Home & Commercial Proximity
State Farm Insurance
Cell: **610-212-7941**



**Every** Customer | **Every** Interaction | **Every** Day

*This message may contain confidential and/or privileged information. If you are not the addressee or authorized to receive this for the addressee, you must not use, copy, disclose or take any action based on this message or any information herein. If you have received this message in error, please advise the sender immediately by reply e-mail and delete this message.*

---

**From:** Brian Evans [mailto:brian@easternpublic.com]
**Sent:** Thursday, December 24, 2020 11:42 AM
**To:** Mark Shumate <mark.shumate.brvp@statefarm.com>
**Cc:** Brian Evans <brian@easternpublic.com>; Marla Reilly <Marla@EasternPublic.com>
**Subject:** [EXTERNAL] Re: 38-B517-8S1

Dear Mr. Shumate

Dear Mr. Shumate,

In an effort to mitigate their losses, the insured is considering the purchase of a new home in lieu of repairing the insured premises.

While we await the appraisal award to be determined, the insured is requesting authority to apply the insurance proceeds to the purchase and renovation at another location.

Please confirm if State Farm is amenable to the insured rebuilding at a new location without prejudice and be entitled to the holdback provided that all settlement funds are actually spent.

Thank you.

Best,

Brian C. Evans, P.A., C.P.A.U.
CEO, Eastern Public, LLC

132 E. 43rd St., Ste. 406
New York, NY 10017
Office (929) 999.4674
Direct (929) 732.4524
Fax (929) 299.7605
[EasternPublic.com](EasternPublic.com)

This transmission and the information it contains, including any attachments, is intended solely for the named addressee(s). It is confidential and may contain legally privileged information. The unauthorized use, disclosure or copying of this transmission is strictly prohibited. Please notify us by telephone or return email if this has been sent to you in error.

(Please consider the environment before printing this email)

> On Nov 24, 2020, at 8:59 AM, Mark Shumate <[mark.shumate.brvp@statefarm.com](mark.shumate.brvp@statefarm.com)> wrote:
>
> Dear Mr. Evans,

Please see the attached response concerning your request to extend the one year suit limitation provision. By attached letter,
State Farm is agreeing to extend the suit limitation to January 22, 2021.

Sincerely,

Mark Shumate
Team Manager, Commercial and Home Proximity Claims


&lt;Belotti Appraisal Response.3.docx&gt;